416

PETRIE TRANSP. CO., Inc., v. THE
LEOPARD et al.

THE LILLIAN E. PETRIE.

No. 16991.

District Court, E. D. New York.

July 20, 1944.

Dow & Symmers, of New York City (Sherman V. Petrie, Jr., of New York City, of counsel), for libelant.

Purdy & Lamb, (Edmund Lamb, of New York City, of counsel), for respondent.

INCH, District Judge.

Libelant, owner of the scow Lillian E. Petrie, sues to recover damages sustained by the scow while in tow of the tug Leopard owned by the respondent, on April 20, 1943, when the scow was permitted to collide with the center island abutment of the Raritan River drawbridge which spans the Raritan River from Perth Amboy to South Amboy.

About 11 P. M. the tug Leopard made up her tow of three scows consisting of the Petrie, the Balloon Light and Andes, loaded with cargoes of copper at the docks of the Raritan Copper Works which were not far from the drawbridge in question. A whistle from the tug to the bridge from this dock would be obeyed by those in charge of the draw. The tide was ebb and in approaching the draw was against the tug and tow. The wind was east. The night was clear.

The tow was made up in two tiers. The first tier consisted of the Andes, bow first portside, beside the Balloon Light, stern first, on the starboard side. Behind the Balloon Light was the Petrie, bow first fastened to the Balloon Light with two towing lines and two cross lines. The tug had a 100 foot hawser running to the scows in the first tier. Altogether the tow had a length of approximately 430 feet.

The tug attempted to pull her tow through the port or Perth Amboy draw of the bridge and the tug and the Andes made the entrance, but the port side of the Balloon Light, in passing, scraped along the abutment and the Petrie following, was swinging to starboard and crashed against the center pier striking a little below her starboard bow corner. This collision broke the Petrie loose.

Libelant claims that this collision was due to the negligence of the tug in that the tow was improperly organized and also because those in charge of the tug failed to use reasonable care to keep the tow in control in attempting this passage through the draw.

The respondents deny any negligence and seek to urge that the sole reason for the collision was the use of an unsafe and inadequate line between the Balloon Light and the Petrie and that the Petrie, because of this old line had broken loose from the scow ahead as the tow approached the draw and thus collided with the center pin.

I find that the Petrie did not break loose until after the collision. Nor do I find any fault in the Petrie or in the make up of the tow which caused or contributed to the accident. I find the sole reason for the collision of the Petrie against the center pier, was the carelessness of those in charge of the tug in trying to go against the ebb tide and through the draw with her tow at an angle.

The usual conflict appears between the interested witnesses, but I prefer to believe the testimony of the disinterested witnesses in charge of the drawbridge.

The captain of the drawbridge, Guilmet, was an eye witness to the whole maneuver and testified that the tow came through at an angle and that when the last boat hit, which was the Petrie, her lines parted.

Substantially to the same effect is the testimony of the engineer of the bridge who likewise saw the tow angling towards the bridge.

In my opinion therefore, libelant is entitled to recover.

Present findings and interlocutory decree for the convenience of the court. Attention in this regard is called to Epstein v. Goldstein, 2 Cir., 107 F.2d 755–758. Petterson, etc., v. New York Central R. Co., 2 Cir., 126 F.2d 992–996.